UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MINDY R.,

                                 Plaintiff,

                                    v.

COMMISSIONER OF SOCIAL SECURITY,

                                 Defendant.
_____

<u>DECISION AND ORDER</u>

21-CV-0688L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security (the "Commissioner"). This action is brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       In June 2019, Plaintiff, then 37 years old, filed applications for a period of disability insurance benefits and for supplemental security income benefits, alleging a disability beginning on February 1, 2018 (Dkt. #6 at 241-58).

       Plaintiff's applications were initially denied (*see id.* at 112, 113). Plaintiff requested a hearing (*id.* at 190), which was held via telephone on August 21, 2020, before Administrative Law Judge ("ALJ") Timothy McGuan (*id.* at 42, 44). ALJ McGuan issued an unfavorable decision on August 28, 2020 (*id.* at 19). That decision became the final decision of the Commissioner when the Appeals Council (the "AC") denied review on April 2, 2021 (*id.* at 6). Plaintiff then commenced this action on May 28, 2021, seeking review of the Commissioner's August 28, 2020 decision (Dkt. #1).

Plaintiff has moved for reversal of the Commissioner's determination and remand for further proceedings (Dkt. #11), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #16), pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, I find that the Commissioner's decision is supported by substantial evidence and was not the product of legal error.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 C.F.R. § 404.1520. The Commissioner's decision that Plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if ALJ McGuan applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**I.     ALJ McGuan's Findings**

ALJ McGuan determined that Plaintiff had the following severe impairments not meeting or equaling a listed impairment: (1) obesity; (2) fibromyalgia; (3) bipolar disorder; and (4) borderline personality disorder (Dkt. #6 at 24). ALJ McGuan also noted that Plaintiff had the non-severe impairments of acute appendicitis and alcohol/drug abuse (*id.* at 25), the effects of which ALJ McGuan considered in determining Plaintiff's limitations (*see id.* at 25, 33).

Applying the special technique for mental impairments, ALJ McGuan found that Plaintiff had no more than moderate limitations in each of the four relevant functional areas: (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentration, persistence, and pace; and (4) adapting and managing herself (*id.* at 27-28).

Upon review of the record, ALJ McGuan found that Plaintiff has the residual functional capacity ("RFC") to perform light work except that she may frequently stoop (*id.* at 28). She may

occasionally interact with the public and frequently interact with others, such as supervisors and coworkers (*id.*).

When presented with this RFC at the hearing, vocational expert John Bopp ("VE Bopp") testified that Plaintiff could not perform her past relevant work as a cashier and picture framer (*id.* at 74-75). VE Bopp testified that a person with Plaintiff's vocational profile and this RFC could perform the requirements of representative occupations such as small products assembler, power screwdriver operator, and housekeeping cleaner (*id.* at 76). ALJ McGuan therefore found Plaintiff "not disabled" (*id.* at 36).

## II.     Whether ALJ McGuan's RFC Finding is Supported by Substantial Evidence

ALJ McGuan found that Plaintiff could occasionally interact with the public and frequently interact with her coworkers and supervisors (*id.* at 28). Plaintiff argues that this finding is not supported by substantial evidence because both state agency consultants, Hillary Tzetzo, M.D. and L. Dekeon, Ph.D., who ALJ McGuan found generally persuasive, concluded that Plaintiff was capable of simple work *involving mainly brief and superficial contact with the public, coworkers, and supervisors* (Dkt. #11-1 at 16 (citing Dkt. #6 at 103, 123)).

Plaintiff argues, and the Court agrees, that ALJ McGuan did not sufficiently explain why he found these opinions generally persuasive but did not adopt their conclusions that Plaintiff suffers from more restrictive interaction limitations. *Raychele K. v. Commissioner*, 2022 WL 4298258, at *3 (W.D.N.Y. Sept. 19, 2022) ("Generally, an ALJ must reconcile discrepancies between [his] RFC assessment and medical source statements. . . . [W]hen the RFC conflicts with a medical opinion, an ALJ must explain why the opinion was not adopted." (internal quotation marks and citations omitted)).

However, the Court also agrees with the Commissioner that this was a harmless error. *Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 579 (S.D.N.Y. 2022) ("[T]he Court need not remand the case if the ALJ only committed harmless error, *i.e.*, where the 'application of the correct legal principles to the record could lead only to the same conclusion.'" (quoting *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010))). That is, VE Bopp testified that even if Plaintiff was restricted to only rare interaction with the public, her coworkers, and her supervisors, she would still be able to find employment (Dkt. #6 at 77-78 ("I would say that the small parts [assembler] and the power screwdriver operator could still be performed, but I would say the housekeeper [job] could not be performed.")).

On reply, Plaintiff disputes whether this was in fact VE Bopp's testimony. Plaintiff contends that VE Bopp denied the existence of any jobs in the national economy for an individual who could interact with coworkers and the general public one-sixth of the time (Dkt. #18 at 4).

Not so.

As Plaintiff acknowledged in her original brief, VE Bopp testified that there were no jobs *if additional limitations* were considered (Dkt. #11-1 at 11 ("In addition, on cross-examination, the VE testified that the same hypothetical individual *with added limitations* of low noise, simple, rote task, not assembly line and can interact with coworkers and [the] general public one-sixth of the time could not perform the jobs of small parts assembler, power screwdriver operation, housekeeping[] cleaner[,] or any other jobs in the economy." (emphasis added))). Plaintiff does not argue that these other restrictions were improperly excluded by ALJ McGuan.

Therefore, while the Court agrees that ALJ McGuan should have explained his rejection of Dr. Tzetzo's and Dr. Dekeon's more restrictive limitations, the Court also finds that this was a

4

harmless error, for even if ALJ McGuan had adopted the more restrictive limitations, VE Bopp testified that such an individual could still work.

**III.     Whether Plaintiff Can Perform Unskilled Work**

Plaintiff also argues that ALJ McGuan erred in finding that Plaintiff could meet the demands of unskilled work. Specifically, she argues that she would not be able to perform the following demands of unskilled labor: (1) understand, carry out, and remember simple instructions; (2) make judgments commensurate with the functions of unskilled work; (3) maintain regular attendance and be punctual within customary tolerances; (4) work in coordination with or in proximity with others without being unduly distracted; and (5) remain on-task at least 90 percent of the time and avoid missing more than one workday per month (Dkt. #11-1 at 19-20).

In support of her argument, Plaintiff cites: (1) the frequency and duration of her panic attacks; (2) her anxiety in crowded places and in social situations; (3) Nurse Practitioner Mary Janicki-Lojeck's finding that Plaintiff had limited abstract reasoning and poor-to-fair insight and judgment; (4) Nurse Practitioner Madelyn Henry's finding that Plaintiff's reasoning was limited and insight and judgment was limited to "some;" (5) Dr. Gregory Fabiano's finding that Plaintiff had limitations in her ability to understand, remember, and apply complex directions and interact adequately with supervisors, coworkers, and the public; (6) Dr. Tzetzo's opinion that Plaintiff has limitations with sustained concentration and persistence, in social interactions, and in adaptation; and (7) Dr. Dekeon's opinion that Plaintiff's difficulties are caused by distractibility (*id.* at 20-22).

"If supported by substantial evidence, the Commissioner's finding must be sustained even where substantial evidence may support the plaintiff's position." *Weather v. Astrue*, 32 F. Supp. 3d 363, 274 (N.D.N.Y. 2012) (internal quotation marks and citation omitted). To the extent Plaintiff maintains that she is incapable of unskilled work due to her anxiety and distractibility caused by

5

social situations, two of the jobs identified by VE Bopp comport with rare contact with the public, coworkers, and supervisors, which Drs. Tzetzo and Dekeon found Plaintiff capable of enduring (Dkt. #6 at 77-78, 103, 123). *See also* Power-Screwdriver Operator, Dictionary of Occupational Titles 699.685-026, 1991 WL 678865 ("People: 8 – Taking Instructions-Helping N – Not Significant"); Assembler, Small Products I, Dictionary of Occupational Titles 706.684-022, 1991 WL 679050 (same); *Lisa M. v. Commissioner*, 2021 WL 3513832, at *4 (W.D.N.Y. Aug. 10, 2021) ("Positions categorized as involving level 8 interaction can be performed by individuals who require limited interaction with supervisors."); *Alie v. Berryhill*, 2017 WL 2572287, at *16 (E.D. Mo. 2017) ("Level 8 interaction is compatible with a RFC limiting a claimant to only superficial contact with coworkers, supervisors, and the public.").

Furthermore, the state agency reviewing doctors—who acknowledged Plaintiff's severe depressive, bipolar and related disorders, trauma and stressor-related disorders, and anxiety and obsessive-compulsive disorders—found Plaintiff at most moderately limited (Dkt. #6 at 102, 107-09, 122, 127-29). "It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning." *Washburn v. Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017); *see also Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (finding claimant capable of performing her previous unskilled work where none of the clinicians indicated that the claimant had anything more than moderate limitations in her work-related functioning).

Additionally, while Plaintiff refers to two progress notes from May and June 2018 that describe her abstract reasoning as limited and her insight and judgment as "poor to fair" and "some" (Dkt. #7 at 88, 107), the record is replete with numerous records from 2019 and 2020 by a different provider within the same office, that describe her abstract reasoning as intact and insight and judgment as fair (*id.* at 109, 112, 114, 116, 278, 286, 290, 563, 564, 567).

Lastly, ALJ McGuan contemplated additional limitations but concluded that they were not justified based on Plaintiff's "grossly normal psychiatric, musculoskeletal and neurological findings upon examination, [the] effectiveness of conservative treatment modalities, [and] [Plaintiff's] engagement in a wide-range of activities of daily living" (Dkt. #6 at 34).

Ultimately, it is plaintiff's burden to that she is incapable of performing the RFC determined by ALJ McGuan. *See Timothy K. v. Commissioner*, 2022 WL 2062711, at *5 (W.D.N.Y. June 8, 2022). Based on the above, I find that Plaintiff has not satisfied that burden and that ALJ McGuan's opinion "rests on adequate findings supported by evidence having rational probative force." *Colling v. Barnhart*, 254 F. App'x 87, 88 (2d Cir. 2007) (internal quotation marks and citation omitted).

## IV. Whether ALJ McGuan Failed to Consider Plaintiff's Explanation for Non-Compliance

Lastly, Plaintiff contends that ALJ McGuan erred when he posited, without giving her the opportunity to explain, that Plaintiff's non-compliance with medication and treatment may demonstrate an unwillingness to do what is necessary to improve her conditions and a possible indication that her symptoms are not as severe as purported (Dkt. #11-1 at 23). Plaintiff also notes that ALJ McGuan did not mention her reports to treating professionals that her medications were not working and that she experienced side effects (*id.*).

The Commissioner argues that Plaintiff's non-compliance was not central to ALJ McGuan's determination, that he merely classified it as a "possible" indication that her symptoms were not as severe as she described, and that ALJ McGuan had acknowledged Plaintiff's continued symptoms despite medication (Dkt. #16-1 at 20). The Commissioner also notes that Plaintiff's non-compliance was only one part of McGuan's evaluation of her symptoms (*id.* at 21-22).

While ALJ McGuan may have done a better job referring to and explaining his rejection of Plaintiff's testimony, remand is not warranted. ALJ McGuan provided additional reasons for believing that Plaintiff's symptoms were not as severe as she had articulated, including evidence of grossly normal psychiatric, musculoskeletal, and neurological findings upon examination and Plaintiff's engagement in a wide-range of activities of daily living, including housework and childcare (Dkt. #6 at 30-32). Therefore, the Court concludes that even if ALJ McGuan should have provided Plaintiff with further opportunity to explain her noncompliance before suggesting that it was an indication that her symptoms were not as severe as Plaintiff suggested, he had sufficient alternative reasons to discount Plaintiff's testimony. *See Kuchenmeister v. Berryhill*, 2018 WL 526547, at *19 (S.D.N.Y. Jan. 19, 2018) (concluding that an ALJ's error in considering noncompliance without further inquiry is harmless when the "overall determination to discount plaintiff's subjective complaints is [otherwise] supported by substantial evidence").

## CONCLUSION

For the reasons set forth above, I find that ALJ McGuan's decision is supported by substantial evidence and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #11) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 3, 2023.